**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

KRISTINA TRIPP, THOMAS
MCFATTER, MICHAEL MURRERO-
DELGADO, AMBER AHNE, AMBER
LYN TIDWELL, CONRAD
FORRENCE, PAULA COOPER,
CAMERON WILSON, JOSHUA
FOSTER, and NORMANDO
BROWN, individually and on behalf
of all others similarly situated,

     Plaintiffs,

v.                                                            CASE NO.: 5:22-cv-254-AW-MJF

TOMMY FORD, SHERIFF OF BAY
COUNTY, FLORIDA,

     Defendant.

---

## MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT AND MOTION TO STRIKE

Comes now Defendant TOMMY FORD, SHERIFF OF BAY COUNTY,

FLORIDA ("Sheriff"), by and through the undersigned counsel, pursuant to

Rules 8(a)(2), 10(b) and 12(b)(6), Fed. R. Civ. P., and N.D. Fla. Local R. 7.1,

moves to dismiss Plaintiffs' Fourth Amended Complaint (ECF ) and in support

thereof, state the following, and files this Motion to Dismiss Plaintiffs' Fourth

Amended Complaint and Motion to Strike, and, without waiving any future

objection(s) to Class Certification and/or Class Representation, the Defendant states the following in support of his Motion:

1.      On October 7, 2019, Plaintiffs KRISTINA TRIPP and THOMAS MCFATTER, individually and on behalf of all others similarly situated, filed their initial Complaint in this matter in the Circuit Court of the Fourteenth Judicial Circuit, in and for Bay County, Florida, case no.: 19-CA-3820. On November 27, 2019, the Defendant filed his Motion to Dismiss. After a hearing on the Motion to Dismiss held on February 27, 2020, the Court granted the Motion to Dismiss with leave for the Plaintiffs to amend their Complaint.

2.      On April 15, 2020, the Plaintiffs KRISTINA TRIPP and THOMAS MCFATTER, individually, and on behalf of all others similarly situated, filed their First Amended Complaint in this matter in the Circuit Court of the Fourteenth Judicial Circuit, in and for Bay County, Florida, case no.: 19-CA-3820. On May 5, 2020, the Defendant filed his Motion to Dismiss the First Amended Complaint. After a hearing on the Defendant's Motion on July 30, 2020, the Court dismissed the Plaintiffs' Amended Complaint with leave to amend <u>one last time</u>, specifically instructing Plaintiffs to allege ultimate facts that show the negligent acts of the Defendant.

3.      On August 19, 2020, the Plaintiffs filed their Second Amended Complaint in this matter in the Circuit Court of the Fourteenth Judicial Circuit,

in and for Bay County, Florida, case no.: 19-CA-3820 adding seven named Plaintiffs. The Defendant filed his Motion to Dismiss the Second Amended Complaint and Motion to Strike on September 10, 2020. On May 4, 2021, the Court held a hearing on the Defendant's Motion.

4.      On June 1, 2021, the Court granted Defendant's Motion to Dismiss. The Court held that the Second Amended Complaint was "not sufficiently clear and specific about the actual events, individuals, and their <u>particular actions related to the general accusations of Defendant's negligence</u>. The pleading vaguely ties the events together by alleging, in conclusory fashion, that the described circumstances supported the alleged breach." (Emphasis added). See p. 6 of the Order Dismissing Second Amended Complaint with Leave to Amend, Docket no. 47, in case no.: 19-CA-3820.

5.      On June 23, 2021, the Plaintiffs filed their Third Amended Complaint in this matter in the Circuit Court of the Fourteenth Judicial Circuit, in and for Bay County, Florida, case no.: 19-CA-3820. Plaintiffs consented to allowing Defendant 20 days to respond to the Third Amended Complaint.

6.      The Plaintiffs previously filed Second Amended Complaint included one hundred thirty-five (135) numbered paragraphs and one (1) count against the Sheriff for negligence. The Third Amended Complaint added

a named Plaintiff, Joshua Foster, and consisted of 188 pages and 320 numbered paragraphs.

7.    The Third Amended Complaint included every word that was previously contained in the Second Amended Complaint and then added some 184 additional numbered paragraphs in an apparent effort by the Plaintiffs to add more specificity to their claim as required by every order that has been entered by the Circuit Court in this matter. With only a few exceptions, the additional 184 paragraphs added to the Third Amended Complaint are repetitious regurgitations of the previous 118 numbered paragraphs in the Third Amended Complaint just including the names and locations of the named Plaintiffs.

8.    The Fourth Amended Complaint, and presumably the operative Complaint, although it has not been formerly accepted by the Court, consists of the same 305 paragraphs contained on the first 82 pages of the Fourth Amended Complaint as the previous 305 paragraphs from the Third Amended Complaint. The Fourth Amended Complaint also includes paragraphs 1 through 92 on pages 82 through 102, which include: "Count I: Negligence; Count II: Jail Conditions constituting Cruel and Unusual Punishment in violation of the Fourteenth Amendment; Count III:42 U.S.C. § 1983, Deliberate

Indifference; Count IV: 42 U.S.C. § 1986 Failure to Protect; Count V: Failure

to Train in violation of the Fourteenth Amendment."

9.    The additional paragraphs fail to allege specific actions of the

Defendant after Hurricane Michael which would constitute negligence or any

constitutional violations.

10.   Rule 8(a)(2), Fed. R. Civ. P., states that a pleading which sets forth

a claim for relief must state a cause of action and contain a short and plain

statement of the ultimate facts showing that the pleader is entitled to relief.

11.   Rule 12(b)(6), Fed. R. Civ. P., allows a motion to dismiss to be

filed for a complaint that fails to state a cause of action.

12.   Plaintiffs have failed to state a cause of action for Constitutional

violations, including but not limited to violations of the Fourteenth Amendment,

Deliberate Indifference under 42 U.S.C. §1983, Failure to Protect under 42

U.S.C. § 1986, and Negligence against the Sheriff for which relief may be

granted by failing to state ultimate facts showing negligence of the Sheriff after

the impact of Hurricane Michael and the emergency procedures related to the

operation of the jail. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Maiden

v. Carter*, 234 So.2d 168, 170 (Fla. 1st DCA 1970).

13.   As to all the allegations related to the actions of the Sheriff after

the Hurricane damaged the jail, the Sheriff is immune from suit under

*Commercial Carrier Corp. v. Indian River County*, 371 So.2d 1010 (1979) as all allegations in the Fourth Amended Complaint, and, **more specifically**, **all common questions of law and fact**, contain the discretionary governmental processes of the Sheriff related to the Bay County Jail during a state of emergency following a natural disaster. All conditions of the jail that the Plaintiffs complain of were the results stemming from the Sheriff exercising his discretion to not evacuate the jail before or after the Hurricane. The decision to evacuate or not is a discretionary act that is immune from suit.

14.     Other than one paragraph, Plaintiffs vaguely reference "inmates," "jail staff," "medical staff," "corrections staff," "family members," "spouses of inmates," and "Plaintiffs" throughout their Fourth Amended Complaint without providing factual allegations related to specific actions of specific individuals for which the Sheriff is allegedly liable to the action, or any other specific individuals, or the specific Plaintiff(s) related to the actions, conditions, and injuries, alleged in the Fourth Amended Complaint, in violation of Rule, 8.2(a), Fed. R. Civ. P. The Plaintiffs also vaguely reference "the Sheriff" when alleging general actions of others that are assumed to not be named Tommy Ford. The paragraph that contains specific names does not allege actions that would legally constitute negligence, deliberate indifference, or constitutional

violations for which the Sheriff would be liable. See ¶ 288 on p. 76; ¶ 43 on p. 92; ¶ 61 on p. 95; ¶ 75 on p. 97, and ¶ 90 on p. 100.

15.    Plaintiffs have failed to comply with Rule 8(a)(2), Fed. R. Civ. P. by pleading opinions, theories, legal conclusions, and arguments throughout the Fourth Amended Complaint and not ultimate facts.

16.    Plaintiffs have failed to properly plead the requirements for class certification under Rule 23, Fed. R. Civ. P. and/or Rule 1.220, Fla. R. Civ. P.

17.    Plaintiffs have failed to comply with Fla. Stat. §768.28 as to any state law claims.

18.    Furthermore, without waiving any arguments concerning appropriateness of class certification and/or class representation, to the extent, if any, that any proposed Plaintiffs have failed to satisfy the statute-of-limitations requirements contained in §95.11(5)(g), Florida Statutes, said Plaintiffs and said claims should be dismissed.

19.    To the extent if any, Plaintiffs' Fourth Amended Complaint attempts to assert a claim based upon Medical Negligence, the Plaintiffs' Fourth Amended Complaint fails to aver that the Plaintiffs have complied with all statutory conditions precedent to bringing such claims as set forth in §§766.106 and 766.203, Florida Statutes, any allegations alleging Medical Negligence should be stricken.

20.  Defendant is entitled to have the Fourth Amended Complaint dismissed with prejudice due to futility.

21.  In the alternative, all improper allegations contained in the Fourth Amended Complaint should be stricken, and then the Court should determine whether the Fourth Amended Complaint alleges a cause of action.

## MEMORANDUM OF LAW AND ANALYSIS

### Standard of Review of Rule 12(b)(6) Motion

In considering a motion brought pursuant to Rule 12(b)(6), Fed. R. Civ. P., the Court must accept all factual allegations as true and construe them in a light most favorable to the plaintiff. *Christopher v. Harbury*, 536 U.S. 403 (2002); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Pursuant to Rule 8(a)(2), Fed. R. Civ. P., a Complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While detailed factual allegations are not required, the pleader must do more than merely invoke labels, conclusions, and the formulaic elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a Court considers "a Motion to Dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleading and exhibits attached thereto'." *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint may not be dismissed pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank of Fla.*, 129 F.3d 1186, 1189 (11th Cir. 1997) (citing *Pataula Elec. Membership Corp. v. Whitworth*, 951 F.2d 1238, 1240 (11th Cir. 1992).

Pursuant to Rule 8(a)(2), Fed. R. Civ. P., "a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Claims have merit or "facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* citing *Twombly*, 550 U.S.  544, 556 (2007). Mere conclusions are not sufficient to state a claim, and the Court need not assume mere conclusions are fact when evaluating a complaint at the motion to dismiss phase. *Iqbal*, 556 U.S. at 663-64.

"When considering a Motion to Dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to

the pleading and exhibits attached thereto.'" *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir.1993). A Complaint may not be dismissed pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank of Fla.*, 129 F.3d 1186, 1189 (11th Cir.1997); *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231-32 (11th Cir.2000).

Plaintiffs' Fourth Amended Complaint does not comply with Rules 12(b)(6) or 8(a)(2), Fed. R. Civ. P. and should be dismissed with prejudice.

## Analogous Federal Cases on Natural Disasters and Discretionary Functions and Jail Conditions

While the Defendant has yet to locate Florida cases related to the operation of a jail in the aftermath of a natural disaster such as Hurricane Michael, a similar lawsuit to the one at bar was filed after Hurricane Rita in federal court in Texas for negligence under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. ("FTCA"). *Spotts v. U.S.*, 2009 WL 3150872 (E.D. Tex. 2009). In *Spotts*, more than 400 individuals were incarcerated within the U.S. Bureau of Prisons. They filed a lawsuit alleging the United States was negligent in a) failing to evacuate inmates at the United States Penitentiary in Beaumont prior to Hurricane Rite making landfall, and b) failing to take steps to ensure their safety and welfare after the hurricane made landfall. *Id.* at 1.

The U.S. moved to dismiss based on lack of subject matter jurisdiction related to the discretionary function exception to the FTCA. *Id.*

In the Complaint in *Spotts*, the Plaintiffs claimed that the United States was negligent in failing to evacuate the inmates prior to the storm and in failing to take steps to ensure their safety and welfare after the hurricane made landfall. Plaintiffs alleged that, due to the loss of electrical power, as well as the lack of potable water and functional plumbing, they suffered extreme deprivations with respect to food, water, hygiene, temperature and medical care for several weeks after the hurricane made landfall. They allege these deprivations resulted in the death of two inmates, caused others to suffer staph infections and other illnesses, and caused psychological injuries. *Id.* at 4.

The U.S. moved to dismiss the Complaint based on the exception to the FTCA which prevents liability on any negligence claim based on the exercise or performance, or the failure to exercise or perform, a discretionary function or duty on the part of a federal agency or employee. *Id.* at 4. The U.S. argued that the decision to evacuate the inmates as well as the decisions made regarding preparations for the hurricane and its aftermath fell within the discretionary exception function. *Id.* at 5.

The Court in *Spotts* determined that the discretionary function exception did apply to these facts. The Court used as guidance *U.S. v. Freeman*, 556 F.3d 326 (5th Cir. 2009) to make its decision. In *Freeman*, the decedent plaintiffs sued the U.S. for negligent acts allegedly committed by the Secretary of Homeland Security in the New Orleans Convention Center in the aftermath of Hurricane Katrina. In finding that the discretionary function exception applied in that case, the Court in *Freeman* stated "the government's decisions about when, where, and how to allocate limited resources within the exigencies of an emergency are the types of decisions that the discretionary function exception was designed to shelter from suit." *Spotts* at 10 quoting 556 F.3d at 340. The Court in *Freeman* also stated that "decisions regarding the feasibility, safety, and benefit of mobilizing federal resources in the aftermath of a natural disaster are grounded in social, economic, and public policy." *Freeman*, 556 F.3d at 341.

In the context of constitutional violations, federal courts have routinely stated that the Constitution does not mandate that prisons provide comfortable surroundings or commodious conditions. *Talib v. Gilley,* 138 F.3d 211, 215 (5th Cir.1998). A short-term sanitation restriction or problem, although admittedly unpleasant, does not amount to a constitutional violation. *Whitnack v. Douglas County,* 16 F.3d 954, 958 (8th Cir.1994); *Knop v. Johnson,* 977

F.2d 996, 1013 (6th Cir.1992); *Robinson v. Illinois State Corr. Ctr.,* 890 F.Supp. 715, 720 (N.D.Ill.1995). "[J]ails must provide only reasonably adequate hygiene and sanitation conditions." *Burton v. Cameron Cnty.,* 884 F.Supp. 234, 241 (S.D.Tex.1995) (citing *Green v. Ferrell,* 801 F.2d 765, 771 (5th Cir.1986)). See also *Conner v. Guzman*, 2007 WL 1428749 (E.D.La. 2007).

## Failure to State a Cause of Action due to Failure to Allege Ultimate Facts and Improperly Pled Opinions, Theories, Legal Conclusions, and Arguments

"It is a fundamental principle of pleading that the complaint, to be sufficient, must allege ultimate facts as distinguished from legal conclusions which, if proved, would establish a cause of action for which relief may be granted." *Twombly*, 550 U.S. at 555; *Maiden v. Carter*, 234 So.2d 168, 170 (Fla. 1st DCA 1970). The complaint, whether filed by an attorney or pro se litigant, must set forth factual assertions that can be supported by evidence which gives rise to legal liability**.** *Twombly*, 550 U.S. at 555. It is insufficient to plead opinions, theories, legal conclusions or argument, and the pleading must contain "factual allegations" that "raise a right to relief above the speculative level." *Id*.

Plaintiffs' Fourth Amended Complaint fails to allege ultimate facts related to actions or omissions taken by the Sheriff that could be considered

negligent, deliberately indifferent, or rise to the level of a constitutional violation. Plaintiffs' Fourth Amended Complaint is rife with opinions, theories, legal conclusions, and arguments. Thus, Plaintiffs have failed to "'state a facially plausible claim for relief [because] it shows only a sheer possibility that the defendant acted unlawfully.'" *Doe v. Morehouse College, Inc.*, 2022 WL 3369634, at *2 (N.D. Ga. 2022) citing *Waters Edge Living, LLC v. RSUI Indem. Co.*, 355 F.App'x 318, 322 (11th Cir. 2009). Without these improper pleadings, the Plaintiffs' Fourth Amended Complaint fails to state a cause of action for their alleged counts: Count I: Negligence; Count II: Jail Conditions constituting Cruel and Unusual Punishment in violation of the Fourteenth Amendment; Count III:42 U.S.C. § 1983, Deliberate Indifference; Count IV: 42 U.S.C. § 1986 Failure to Protect; Count V: Failure to Train in violation of the Fourteenth Amendment, and is due to be dismissed with prejudice.

I.     Allegations in the Fourth Amended Complaint fail to show Ultimate Facts of Deliberate Indifference or Constitutional Violations through acts or omissions by the Sheriff after Hurricane Michael damaged the Bay County Jail and fail as a matter of law

A suit against a sheriff in his official capacity is functionally a suit against the sheriff's office he represents. *Pellegrino v. Wengert*, 703 Fed. Appx. 892, 894 n.1 (11th Cir.2017). The sheriff's office constitutes a municipal body which "cannot be held liable for the actions of its employees under § 1983 based on a theory of *respondeat superior*." Id. at 895 (quoting *Griffin v. City of Opa-*

*Locka*, 261 F.3d 1295, 1307 (11th Cir. 2001). A sheriff's office may only be held liable for its customs which are "so widespread as to have the force of law" and office policies. *Id*.

Plaintiffs fail to allege sufficient facts that establish deliberate indifference sufficient to survive a motion to dismiss. Plaintiffs' "allegations do not contain specific facts showing [the Sheriff] had subjective knowledge of a risk of serious harm to [Plaintiffs]." *Mitchell v. Thompson*, 564 Fed.Appx. 452, 458 (11th Cir. 2014). Plaintiffs fail to allege a constitutional violation occurred by the Sheriff's discretionary decisions regarding the preparation for Hurricane Michael. Furthermore, Plaintiffs fail to allege there were any constitutional violations or that any potential constitutional violations were "clearly established law" as required by case law. See *Pearson v. Callahan*, 555 U.S. 223, 236-37 (2009).

While the Plaintiffs' Fourth Amended Complaint is voluminous in paragraphs and page numbers, there are no specific acts by the Sheriff alleged that would rise to the level of a constitutional violation or deliberate indifference on behalf of the Sheriff. By way of example, Plaintiffs allege specific facts as to Kristina Tripp in paragraphs 122-137; however, none of those allegations are related to any actions or omissions by the Sheriff.

The conditions Plaintiffs describe in the Fourth Amended Complaint are conditions that were a result of Hurricane Michael, one of the strongest rated hurricanes to hit the Gulf Coast, and the strongest hurricane on record to make landfall in the Florida Panhandle; a hurricane that was not predicted to be detrimental to the area until 12 hours before making landfall. At most, the alleged damage to the Bay County Jail alleged by Plaintiffs occurred because of a natural disaster, and the conditions of which were felt not only by inmates of the Bay County Jail, but by the general population of Bay County, Florida and other surrounding areas.

Thus, the alleged conditions complained of do not rise to the level of constitutional violations or deliberate indifference by the Sheriff, nor are the allegations sufficient to survive the Motion to Dismiss.

Furthermore, a suit against a sheriff in his official capacity is functionally a suit against the sheriff's office he represents. *Pellegrino v. Wengert*, 703 Fed. Appx. 892, 894 n.1 (11th Cir.2017). The sheriff's office constitutes a municipal body which "cannot be held liable for the actions of its employees under § 1983 based on a theory of *respondeat superior*." *Id*. at 895 (quoting *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1307 (11th Cir.2001). A sheriff's office may only be held liable for its customs which are "so widespread as to have the force of law" and office policies. *Id*.

There must be "a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). If the policy is facially lawful, the plaintiff then must demonstrate deliberate indifference to the policy's consequences. *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1187-88 (11th Cir.2011). Plaintiffs have failed to allege, and cannot allege, any policy or custom of the Sheriff that was the "direct causal link between the municipal action and the [alleged] deprivation of federal rights." *Id*.

To prove deliberate indifference, a plaintiff must show that policymakers acted (or failed to act) while on notice of the consequences. *Id*. This ordinarily requires the plaintiff to point to a pattern of similar constitutional violations unless constitutional violations were the obvious consequence of the action (or inaction). *Id*. Absent an underlying constitutional violation, a §1983 claim against the Defendant Sheriff must fail. *Furtado v. Yun Chung Law*, 51 So.3d 1269, 1275 (Fla. 4th DCA 2011) (citing *Garczynski v. Bradshaw*, 573 F.3d 1158, 1171 (11th Cir.2009)); see also, *Sparkes*, 777 Fed. Appx. at 450 ("Only when it is clear that a violation of specific rights has offered can the question of §1983 municipal liability for the injury arise.") (citing *Vineyard v. Cty. of Murray, Ga.*, 990 F.2d 1207, 1211 (11th Cir.1993). Hurricane Michael was the catalyst, not the Sheriff, his employees, or the Sheriff's policies and

procedures. Furthermore, there were no underlying constitutional violations alleged by Plaintiffs in their Fourth Amended Complaint. Therefore, as there were no underlying constitutional violations by the individually named Deputies, as outlined in previous sections, Plaintiffs' §1983 claim against the Sheriff fails as matter of law and is due to be dismissed with prejudice.

II.   <u>Allegations in the Fourth Amended Complaint fail to show Ultimate Facts of Negligent acts or omissions by the Sheriff after Hurricane Michael damaged the Bay County Jail.</u>

Plaintiffs fail to allege ultimate facts related to actions or omissions taken by the Sheriff that could be found negligent. Paragraphs 122-305 of the Third Amended Complaint are broken into 10 sections, one for each named Plaintiff. Each section contains virtually identical conclusory allegations that were contained in paragraphs 3-121. All of these sections allege that the Plaintiffs all had precisely the same physical conditions, ailments, and sicknesses due to conditions of the jail caused by the damage sustained by Hurricane Michael. Each of these 10 sections only attempt to allege breaches of general model jail standards unassociated with emergency procedures. Each of these sections only allege conditions caused by the Hurricane, not by the Sheriff. It is clear that the new paragraphs added are summarized and truncated rehashes of the previous 120 allegations of the Second Amended Complaint

which were then cut and pasted with few changes, if any, ten times, once for each Plaintiff.

None of the allegations in the Fourth Amended Complaint allege specific breaches by the Sheriff of any of the emergency procedures that were in place at the jail after Hurricane Michael. All conditions of the jail alleged in the Complaint and the issues that stemmed from those conditions are only the result of the worst hurricane to ever hit the Gulf Coast of Florida. All conditions complained of flow from the decision by the Sheriff to not evacuate the jail before or after Hurricane Michael, a discretionary act immune from suit.

The Plaintiffs reference with specificity the Florida Model Jail Standards ("FMJS") in the Fourth Amended Complaint. The FMJS contradicts the allegations contained in the Complaint. The creation of the policies and procedures related to the operation of the Bay County Jail are discretionary as long as they generally follow the Model Jail Standards. However, there are no standards in the FMJS as to what must be contained in the Emergency Plans related to a natural disaster or a riot, only that there has to be one. MJS § 11.1 reiterates "As required in Standard 2.10, General Provisions, the Officer-in-Charge or designee shall have comprehensive written plans for emergencies to include fire, riot, hostage situations, escape, medical emergency, and natural disaster." In fact, some of the standards contained in

the FMJS are specifically not applicable during an emergency such as riots or natural disasters.[1]

The Plaintiffs fail to allege any ultimate facts as to what was contained in the Sheriff's Emergency Plans. They also fail to allege any ultimate facts of specific breaches by the Sheriff of the Emergency Plans. The Plaintiffs make a blanket that the Sheriff either did not have Emergency Plans **or** if they did have Emergency Plans, the Sheriff did not follow them. Conclusions and opinions are not enough.  Since the Plaintiffs have failed to properly plead pursuant to Fla. R. Civ. P. 1.110(b), the Plaintiffs' Fourth Amended Complaint should be dismissed.

### Plaintiffs violated Rules 8(a)(2) and 10(b) Fed. R. Civ. P. by including multiple sets of circumstances within individual numbered paragraphs throughout the Fourth Amended Complaint

A "shotgun pleading" is one which "employs a multitude of claims and incorporates by reference all of its actual allegations into each claim, making it nearly impossible for a Defendant and the Court to determine which any certainty which factual allegations give rise to which claims for relief." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018).

---

[1] See MJS § 6.5 (Inmates shall be given three substantial, wholesome, and nutritious meals daily. Not more than 14 hours may elapse between the evening meal and the morning meal. Hot meals shall be served at least once daily. Seasonal fruits and vegetables are recommended in menu planning. **(This does not apply to extreme emergency situations; i.e., riots, fires, natural disasters, etc. or inmates assigned to outside work groups.)** (Emphasis added)

A "shotgun pleading" is a complaint that violates either Rule 8(a)(2) or 10(b), Federal Rules of Civil Procedure, or both. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings "are flatly forbidden by the spirit, if not the letter, of these rules because they are calculated to confuse the "enemy," and the Court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked. *Barmapov*, 986 F.3d at 1324.

The Eleventh Circuit has recognized four general categories of shotgun pleadings, as follows:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. The Fourth Amended Complaint, as drafted, falls within the prohibited "shotgun pleading" categories of pleading, because the Plaintiffs Fourth Amended Complaint is "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts." *Id*.

This failure to follow the Rules of Procedure makes the Fourth Amended Complaint cumbersome and renders the Sheriff unable to adequately respond to the Fourth Amended Complaint.

One example of the problematic pleading is contained in ¶ 122 on p. 20, which states:

> Plaintiff Kristina Tripp was in the Bay County Jail at the time of Hurricane Michael from August 22, 2018 until January 10, 2019. Plaintiff Tripp was denied potable water during the Hurricane and thereafter for a period of what appears to be several weeks. After the Hurricane, there was standing water remaining on the floor of the Jail and extreme humidity causing condensation where Plaintiff Tripp was housed. She was housed on a top bunk before and after the Hurricane and when she climbed down from her top bunk, she slipped due to the condensation and lack of air flow inside the female unit of the Jail. She fell forward after slipping due to the condensation, standing water containing feces and urine, and rain from hole left after the AC unit that was ripped off the roof during the Hurricane, after which no tarp or other covering was used to prevent the elements from intruding into the Jail, and she knocked out one of her front teeth. When she asked for help and medical care due to knocking out her front tooth, she was denied

medical attention. These actions by the Defendant violated MJS 12.2 12.3 12.4 7.2C 7.10.

It is impossible for the Sheriff to answer this paragraph without responding in a likewise narrative manner and parsing out each sentence contained in the paragraph as to whether it is admitted, denied, or without knowledge to admit or deny.

This narrative convention is used in almost every one of Paragraphs 122 to 305 of the Third Amended Complaint. The Plaintiffs' failure to comply with pleading requirements makes the Fourth Amended Complaint cumbersome to answer at a minimum.

Due to the improperly pleaded factual allegations contained in the Plaintiffs' Fourth Amended Complaint in violation of Red. Rs. Civ. P. 8(a)(2) and 10(b), the Fourth Amended Complaint should be dismissed with prejudice.

**Immunity from Tort Liability for Discretionary Functions of Government**

"'[D]iscretionary' governmental functions remain immune from tort liability. Identifying these functions is done primarily by distinguishing, through a case-by-case analysis, "the 'planning' and 'operational' levels of decision making by governmental agencies." *Dep't. of Health and Rehabilitative Srvs. v. B.J.M.*, 656 So.2d 906 (Fla. 1995) citing *Comm. Carrier Corp. v. Indian River Cnty.*, 371 So.2d 1010, 1020, 1022 (Fla.1979). The test to determine whether an activity is immune consists of a preliminary four (4) part test. *Id.*

"(1) Does the challenged act, omission, or decision necessarily involve a basic governmental policy, program, or objective? (2) Is the questioned act, omission, or decision essential to the realization or accomplishment of that policy, program, or objective as opposed to one which would not change the course or direction of the policy, program, or objective? (3) Does the act, omission, or decision require the exercise of basic policy evaluation, judgment, and expertise on the part of the government agency involved? (4) Does the governmental agency involved possess the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision?" *Id*.

Affirmative answers to these questions should usually give rise to immunity for the questioned activity. *Id*.

Plaintiffs' common questions of law contained in the Fourth Amended Complaint are purely discretionary functions of government that the Plaintiffs are seeking the Court to determine whether the Sheriff's decisions were proper. Decisions by the Sheriff whether to maintain alternative sources of water, electrical, and sewage, and the level of that maintenance, are purely discretionary decisions and cannot form the basis of an action for negligence based on the holding in *Comm. Carrier*. None of the Sheriff's actions, or the consequences stemming from those actions, alleged in the Fourth Amended Complaint involve situations for which the Sheriff may be held liable due to sovereign immunity.

**<u>Plaintiffs removed the attachment in their filing of the Fourth Amended Complaint, but still reference the Florida Model Jail Standards throughout the Fourth Amended Complaint, which negates their causes of action.</u>**

Exhibits previously attached to Plaintiffs' Complaints and currently referenced in detail in Plaintiffs' Fourth Amended Complaint become part of the claim and can be considered with it. At the 12(b)(6) stage, while the Court primarily examines the allegations of a complaint, it is not always limited to its four corners. *Halmos v. Bombardier Aerospace Corp.*, 404 Fed. Appx. 376, 377 (11th Cir. 2010), citing *Long v. Slaton*, 508 F.3d 576, 578 n. 3 (11th Cir. 2007). "[A] district court may take judicial notice of matters of public record without converting a Rule 12(b) (6) motion into a Rule 56 motion." *Halmos* at 377, citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir.) See also *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 2509, 168 L.Ed.2d 179 (2007) ('courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, **in particular documents incorporated into the complaint by reference,** and matters of which a court may take judicial notice.')" *Id*. 377. See also, *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (Emphasis added).

Referenced in Plaintiff's Fourth Amended Complaint and previously attached to the Third Amended Complaint is a copy of the Florida Model Jail Standards. The Plaintiffs allege based on conditions at the jail as a result of damage caused by Hurricane Michael that the Sheriff breached the following

general Model Jail Standards: FMJS 1.14, 2.1(b), 2.1(c), 2.1(d), 2.1(f), 7.2(c), 7.10, 12.2, 12.3, 12.4, 12.5, 12.8, 12.9, 16.3, 16.4, 16.9, 16.10, 16.11, along with other standards throughout the Fourth Amended Complaint.[2]

Throughout the Fourth Amended Complaint, Plaintiffs allege jail conditions were caused by damage sustained in Hurricane Michael, and then allege that the issues caused by the Hurricane should be attributable to the Sheriff's alleged negligence, constitutional violations, and/or deliberate indifference. The Plaintiffs allege that the FMJS were breached due to the conditions caused by a category 5 Hurricane. The Plaintiffs, as shown above, then cite specific sections of the FMJS for the general operations of the jail in a non-emergency, the minimum construction standards of a jail and its components, inspections of jails, requirements to keep documents and have contracts, and also definitions of terms found elsewhere in the FMJS. The Plaintiffs then misinterpret or misapply many of these general standards to the situation that arose in the Bay County Jail after the Hurricane damaged it.

For example, the Plaintiffs allege that the Defendant violated various subsections of FMJS 2.1. as listed above. Chapter 2 of the FMJS is entitled General Provisions related to inspections conducted by the state. These are the general standards that will be inspected by the state that a jail must carry

---

[2] ¶¶ 91, 93, 95, 97, 98, 100, 102, 105, 122, 128, 132, 134, 135, 136, 138, 139, 140, etc.

out when there is not an emergency due to a natural disaster or riot. In fact, after the general requirements contained in Chapter 2.1, the FMJS require in §2.10 that the inspection will look to see that the jail has Policy and Procedure Directives. "Policy and procedure directives for the employees and inmates concerning the operation of each detention facility will be developed and maintained by each facility." "The Policy and procedure directives shall include the following:

      a. "Emergency plans in the event of …riot…[and] natural disaster." MJS § 2.10.a.
      b. "Visiting procedures and control;" MJS § 2.10.g.
      c. "Health Services;" MJS § 2.10.j.
      d. "Food services;" MJS § 2.10.k.
      e. "Procedures for direct observation and close supervision;" MJS § 2.10.m.
      f. "Supervision of staff;" MJS § 2.10.o.
      g. "Care, custody, and control of inmates;" MJS 2.10.p.

Section 2.1 is not related to the circumstances related to the care of inmates specifically, but it is a requirement that a jail have a set of policies and procedures for the operation of a jail. The Fourth Amended Complaint fails to allege the policies and procedures created for the Bay County Jail and what, if any, of those directives were breached by actions or inactions of the Sheriff.

The policies and procedures that the Sheriff must create and maintain related to the operation of the Bay County Jail are discretionary as long as they generally follow the FMJS. However, there are no standards in the MJS

as to what must be contained in the Emergency Plans related to a natural disaster or a riot, only that there has to be one. MJS § 11.1 reiterates "As required in Standard 2.10, General Provisions, the Officer-in-Charge or designee shall have comprehensive written plans for emergencies to include fire, riot, hostage situations, escape, medical emergency, and **natural disaster**." (Emphasis added). In fact, some of the standards contained in the FMJS are specifically not applicable during an emergency such as riots or natural disasters.[3] The Plaintiffs continue to fail to state what emergency procedures the Sheriff violated after the Hurricane damaged the jail.[4]

As the specific terms of the FMJS referenced and previously attached as an exhibit to the Third Amended Complaint contradict and negate the allegations contained in the Fourth Amended Complaint, it should be dismissed with prejudice.

## DISMISSAL WITH PREJUDICE

As this is the fifth iteration of a Complaint in this matter, if the Fourth Amended Complaint is dismissed for failure to state a cause of action, the

---

[3] See MJS § 6.5 (Inmates shall be given three substantial, wholesome, and nutritious meals daily. Not more than 14 hours may elapse between the evening meal and the morning meal. Hot meals shall be served at least once daily. Seasonal fruits and vegetables are recommended in menu planning. **(This does not apply to extreme emergency situations; i.e., riots, fires, natural disasters, etc. or inmates assigned to outside work groups.)** (Emphasis added)

[4] The Plaintiffs do not allege any actual Bay County Jail policies and procedures in the Fourth Amended Complaint.

Defendant is entitled to have said Complaint dismissed with prejudice based on futility. See *Helm v. Liem*, 523 Fed.Appx. 643, 646 (11th Cir. 2013) (plaintiff repeatedly failed to cure deficiencies and allowing another attempt would be futile); *Magnum Capital, LLC v. Carter & Assoc., LLC*, 905 So.2d 220 (Fla. 1st DCA, 2005); *De Souza v. JPMorgan Chase Home Lending Div.*, 608 Fed.Appx. 76, 781 (11th Cir. 2015) (amendment would have been futile when claims were based on the same set of "operative facts). Therefore, Plaintiffs have had multiple opportunities to amend their complaint to satisfactorily allege claims against the Sheriff, but they continue to fail, and their Fourth Amended Complaint should be dismissed with prejudice.

## **MOTION TO STRIKE**

In the Circuit Court's Order Dismissing the Plaintiffs' Second Amended Complaint, the Circuit Court stated "The Court agrees that by failing to follow the presuit screening, Plaintiffs are now precluded from relying on the medical negligence standard of care in proving their case. See *Fassy v. Crowley*, 334 So. 2d 359, 364 (Fla. 2d DCA 2004)." Further the Court stated that improper allegations would "necessitate the application of medical services and the use of professional judgment or skill."

Paragraphs 65, 66, 67, 68, 122, 171, 192, 212, 230, 266, and 303 all allege <u>failure to provide medical care</u> to the Plaintiffs as a basis for negligence,

constitutional violations, and deliberate indifference against the Sheriff. To the extent, if any, that Plaintiffs' Fourth Amended Complaint attempts to assert a claim based upon Medical Negligence, the Plaintiffs' Fourth Amended Complaint fails to aver that the Plaintiffs have complied with all statutory conditions precedent to bringing such claims as set forth in §§766.106 and 766.203, Florida Statutes.

In ¶¶ 105 and 106, the Plaintiffs allege that the Defendant was required to establish an agreement with one or more health care providers to provide emergency services to Bay County Jail inmates and this standard was breached. Not only is this a legal conclusion without ultimate facts alleged, these allegations also appear to contemplate an action for Medical Negligence which is barred by the Plaintiffs' failure to follow statutory notice requirements to bring such claims.

For the foregoing reasons, the paragraphs 65, 66, 67, 68, 105, 106, 122, 171, 192, 212, 230, 266, and 303 should be stricken from the Fourth Amended Complaint. Further, all opinions, legal theories, and legal conclusions should be stricken for the reasons provided in the Motion to Dismiss above.

## CONCLUSION and PRAYER FOR RELIEF

Plaintiffs' Fourth Amended Complaint contains myriad issues that require this Court to dismiss it with prejudice. The Fourth Amended Complaint also contains statements and allegations that should be stricken.

WHEREFORE, the Defendant prays that the Court dismiss the Plaintiffs' Fourth Amended Complaint for the reasons cited. Further, the Defendant prays that the Court strike paragraphs 65, 66, 67, 68, 105, 106, 122, 171, 192, 212, 230, 266, and 303 from the Fourth Amended Complaint, as well as all opinions, legal theories, and legal conclusions. The Defendant also prays for the Court to award him costs related to the defense of this matter, and any other relief the Court deems proper.

Dated this 21st day of November 2022.

WARNER LAW FIRM, P. A.

*/s/ Jennifer Hawkins*
JENNIFER HAWKINS
Florida Bar No. 17694
ALYSSA M YARBROUGH
Florida Bar No. 0103407
TIMOTHY M. WARNER
Florida Bar No. 0642363
P.O. Box 1820
Panama City, FL  32402
Phone No. (850) 784-7772
pleadings@warnerlaw.us
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed this 21st day of November 2022, via the CM/ECF, which will send notice to all counsel of record.

*/s/ Jennifer Hawkins*
JENNIFER HAWKINS
Florida Bar No. 17694